IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE WILD FAERY COMPANY,<br>70 Madison Street, Suite 5750<br>Chicago, IL 60602<br><br>    Plaintiff,<br><br> v.<br><br>SMALL BUSINESS ADMINISTRATION,<br>409 3rd Street, SW<br>Washington, DC 20416,<br><br>ISABELLA CASILLAS GUZMAN,<br>Administrator, Small Business Administration,<br>409 3rd Street, SW<br>Washington, DC 20416,<br><br>    Defendants. | Civil Action No. _____ |

**COMPLAINT**

Plaintiff The Wild Faery Company, ("Wild Faery") by and through counsel, alleges and states as follows:

**INTRODUCTION**

1. This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking emergency federal financial assistance unlawfully withheld by Defendants Small Business Administration ("SBA") and its Administrator, Isabella Casillas Guzman.

2. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as amended, 15 U.S.C. § 9009a, established the Shuttered Venue Operators Grant ("SVOG") Program to provide emergency financial assistance to eligible live entertainment businesses impacted by the global COVID-19 pandemic. The SVOG Program is administered by the SBA and Administrator Casillas Guzman.

1

3. Plaintiff Wild Faery demonstrated its eligibility for a SVOG award in its application to the SBA and, following an initial denial, its appeal to the SBA. The SBA denied Wild Faery's application and its appeal, without giving a reason for either denial.

4. The COVID-19 pandemic has had a devastating impact on Wild Faery, causing it to close down in March 2020. Wild Faery saw a reduction of 98% in gross earned revenue from 2019 to 2020, a staggering and debilitating decline evidenced by their tax returns and other financial documents. Wild Faery has been unable to hold any of its live events since the initial shutdown, but remains open and in operation, planning for shows for 2022 should the company receive the SVOG grant to restart its business. Wild Faery was about to permanently shut down the company in March 2021 due to the COVID-19 crisis and financial difficulties resulting from the impossibility of holding any live events for over a year and a half. However, Wild Faery heard about the SVOG program and saw a chance to save, recover, and re-start the business. Wild Faery needs a SVOG award for precisely the reason Congress created the SVOG Program: to help eligible live entertainment businesses like Wild Faery recover from the major setbacks they have experienced because of the pandemic.

5. SVOG funds are limited, and once the SBA has depleted the appropriated amount through awards, eligible businesses may not be able to receive the emergency assistance. Thus, even though Wild Faery demonstrated that it is an eligible live venue promoter, it may receive no assistance if SVOG funds are depleted before the SBA corrects the erroneous denial of Wild Faery's application.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it presents federal questions under the APA.

7. Venue lies in this district under 28 U.S.C. § 1391(e)(1).

8. This Court has authority to issue declaratory and injunctive relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9. Plaintiff The Wild Faery Company is a live venue promoter that promotes and organizes so-called "cinema concerts." These cinema concerts are live musical performances that feature an orchestra of 60 or more musicians, and most of the time a singer choir of 28 or more singers, performing orchestral music live on stage of a movie or video game while in sync with a giant-screen video projection from the performed artwork. These live orchestral musical performances usually last over two hours, all taking place in qualifying professional concert venues rented by Wild Faery. Wild Faery contracts with the performing artists for all its shows and sells tickets to these performances an average of 199 days before the show date (for their 2019 shows), with well over 70% of its earned revenue coming from total concert ticket sales plus concert merchandise sales.

10. Defendant Small Business Administration is an independent agency of the federal government. The SBA's mission is to help Americans start, build and grow businesses.

11. Defendant Isabella Casillas Guzman is the Administrator of the SBA and oversees its operations. Administrator Casillas Guzman is sued in her official capacity.

## BACKGROUND

### A. Shuttered Venue Operators Grant Program

12. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the "Act"), signed into law December 27, 2020, included $15 billion for grants to operators of shuttered venues. Pub. L. No. 116-260 § 324. The American Rescue Plan, enacted March 11, 2021, amended the Act by providing an additional $1,249,500,000 for SVOG awards. Pub. L. No.117-2 § 5005(a).

13. SVOG awards may be used for specified business expenses, including payroll, rent and utility payments, that are incurred between March 1, 2020, and December 31, 2021. 15 U.S.C. § 9009a(d)(1)(A)(i).

14. An eligible entity may receive a SVOG award in an amount equal to 45 percent of its gross earned revenue in 2019. 15 U.S.C. § 9009a(c).

15. Eligible businesses with 2021 first quarter revenues of no more than 30 percent of their 2019 first quarter revenues are eligible for supplemental grants in the amount of 50 percent of the original award amount, up to a maximum combined initial and supplemental SVOG award amount of $10 million. 15 U.S.C. § 9009a(b)(3)(A); SBA, *SBA Opens Supplemental Grant Applications for Shuttered Venue Operators Grant Awardees* (Aug. 27, 2021), https://www.sba.gov/article/2021/aug/27/sba-opens-supplemental-grant-applications-shuttered-venue-operators-grant-awardees. Supplemental awards can be used for costs incurred through June 30, 2022. 15 U.S.C. § 9009a(d)(1)(A)(i).

16. Eligible entities under the Act include live venue promoters and operators, as well as theatrical producers, live performing arts organization operators, museum operators, motion picture theatre operators, and talent representatives. 15 U.S.C. § 9009a(a)(1)(A).

17. In addition to falling within an eligible business category, to qualify for a SVOG award a business must meet general eligibility criteria including, *inter alia*, that the business was fully operational on February 29, 2020, suffered at least a 25 percent reduction of gross earned revenue during at least one quarter of 2020 as compared to 2019, and has reopened or intends to reopen. 15 U.S.C. § 9009a(a)(1)(A). The Act lists a number of characteristics that would render an entity ineligible, including, *inter alia*, issuance of securities on a national securities exchange, employing more than 500 employees, and presenting live performances of a prurient sexual nature. *Id.* § 9009a(a)(1)(A)(vi), 9009a(a)(1)(B).

18. The Act defines live venue promoter to include an entity that as a principal business activity organizes, promotes, produces or hosts live concerts or "events by performing artists" for which there is a ticketed cover charge, performers are paid in an amount set by sales or agreement, and not less than 70 percent of revenue is generated through ticket sales or event beverages, food or merchandise. 15 U.S.C. § 9009a(a)(3)(A)(i).

19. The Act specifies that for a live venue promoter (as well as a live venue operator, theatrical producer, or live performing arts organization operator) to be eligible, it must have additional characteristics. It must put on events with defined performance and audience spaces; use mixing equipment, a public address system and a lighting rig; engage one or more individuals to carry out at least two of the following roles—sound engineer, booker, promoter, stage manager, security personnel, or box office manager; sell tickets or impose a cover charge for most performances; fairly pay artists; and market its events including through print or electronic publications, websites, mass email, or social media. 15 U.S.C. § 9009a(a)(1)(A)(iii).

**B. Wild Faery's SVOG Application and the SBA's Denial**

20. Wild Faery applied for a SVOG award of $1,033,256.70.

21. In its application, Wild Faery demonstrated that it satisfied the criteria for eligibility as a live venue promoter. Wild Faery demonstrated that its losses in 2020 exceeded the 25 percent statutory threshold by submitting its tax returns for 2019 and 2020. Wild Faery also submitted, among other things: all the necessary and standard supporting items, documents, and required attachments. Wild Faery also provided the certifications of eligibility required by the SBA's guidance on SVOG applications.

22. Wild Faery learned from the SBA's portal that its application was denied. The portal's denial notice gave no explanation of the reason why the SBA found Wild Faery ineligible.

23. Wild Faery then submitted an administrative appeal of the denial to the SBA. Because the denial included no explanation, Wild Faery's appeal elaborated on why it satisfies all of the criteria for eligibility as a live venue promoter. Wild Faery explained in detail and with supporting documentation how it meets each of the general eligibility requirements for a SVOG award and each of the specific eligibility requirements for live venue promoters. Wild Faery's supporting documentation included: its quarterly income statements for 2019, 2020, and 2021; 2019 and 2020 tax returns; advertising receipts; contracts with live performing artists and venues; box office records reflecting cover charges and ticket sales; production calendars; employee records and contractor agreements reflecting engagement of a sound engineer, security personnel, and box office manager; photographs, floorplans, and blueprints demonstrating its defined performance space, audience space, sound mixing equipment, public address system, and lighting rig; payroll and other records reflecting its periods of operation; receipts showing payment for marketing services and materials; and other documentation.

24. The SBA notified Wild Faery that its appeal was denied. As with the denial of Wild Faery's application, the SBA gave no reason for denying the appeal.

25. The SBA's denial of Wild Faery's appeal is the agency's final decision.

## CLAIMS FOR RELIEF

26. The courts recognize a strong presumption favoring judicial review of administrative action.

27. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

28. The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review." 5 U.S.C. § 704.

29. The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A) and (E), respectively.

30. The SBA is an "agency" whose final actions are reviewable under the APA.

**COUNT I - ARBITRARY AND CAPRICIOUS AGENCY ACTION**

31. Wild Faery realleges and incorporates by reference each of the preceding paragraphs and allegations.

32. A basic requirement of administrative law is that an agency provide the reasons for its decisions. However, the SBA gave no reason for denying Wild Faery's application, nor did it provide any reason when it denied Wild Faery's appeal.

33. Indeed, the SBA's decision on Wild Faery's application conflicts with the evidence of Wild Faery's eligibility that it presented to SBA in its application and in its appeal.

34. The SBA further erred by treating Wild Faery disparately from a direct competitor and similarly situated business that was granted a SVOG award. Specifically, the SBA approved the SVOG application of Jason Michael Paul Entertainment Inc, a theatrical producer that promotes concerts for leading international artists, featuring a series of live symphonic concerts that make video game music come to life.

35. For each of these reasons, the SBA's denial of Wild Faery's SVOG award request is arbitrary and capricious.

**COUNT II - AGENCY ACTION CONTRARY TO LAW**

36. Wild Faery realleges and incorporates by reference each of the preceding paragraphs and allegations.

37. Wild Faery meets the Act's definition of a live venue promoter and satisfies the Act's general eligibility criteria for a SVOG award. Wild Faery also is not disqualified or ineligible

for a SVOG award based upon any statutory criteria for ineligibility.

38.     The SBA's denial of Wild Faery's SVOG award request therefore violated the Act and is contrary to law.

**COUNT III - AGENCY DECISION UNSUPPORTED BY SUBSTANTIAL EVIDENCE**

39.     Wild Faery realleges and incorporates by reference each of the preceding paragraphs and allegations.

40.     The SBA's denial of Wild Faery's SVOG award request is supported by no evidence in the record, let alone substantial evidence. Wild Faery's application and appeal presented evidence that demonstrates Plaintiff is eligible for a SVOG award. The SBA has offered no reasons or explanations demonstrating that its denial is based upon any substantial evidence.

41.     The SBA's denial of Wild Faery's SVOG award request is thus unsupported by substantial evidence.

**PRAYER FOR RELIEF**

For the foregoing reasons, Wild Faery respectfully requests that this Court:

1.     Declare unlawful and set aside Defendants' denial of Wild Faery's SVOG award request.

2.     Preliminarily and permanently order Defendants to consider Wild Faery's application for a SVOG award consistent with applicable law and the evidence before the SBA.

3.     Preliminarily and permanently order Defendants to award Wild Faery $1,033,256.70 in SVOG funds.

4.     Preliminarily and permanently order Defendants to grant Plaintiff a supplemental SVOG award of $516,628.35.

5.     Preliminarily and permanently order Defendants to retain appropriations from the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (Pub. L. No. 116-260

§ 324) and/or the American Rescue Plan (Pub. L. No. 117-2 § 5005(b)) in an amount sufficient to fund Plaintiff's SVOG initial and supplemental grant awards.

6. Award Plaintiffs their costs and reasonable attorney fees; and

7. Grant such other and further relief as the Court deems just and proper.

Dated: February 3, 2022                                     Respectfully submitted,


/s/  *Jeffrey E. McFadden*
Jeffrey E. McFadden
D.C. Bar No 434234
LAW OFFICES OF JEFFREY E. MCFADDEN, LLC
312 Prospect Bay Drive E
Gransonville, MD 21638-1181
410-490-1163
jmcfadden@jmcfaddenlaw.com

Tyler W. Hudson
D.C. Bar No. 485971
Eric D. Barton (*pro hac vice* application to be filed)
WAGSTAFF & CARTMELL LLP
4740 Grand Ave., Suite 300
Kansas City, MO 64112
816-701-1100
thudson@wcllp.com
ebarton@wcllp.com

Matthew S. Mokwa
Fla. Bar No. 47761
(*pro hac vice* application to be filed)
THE MAHER LAW FIRM, PA
271 West Canton Ave., Suite 1
Winter Park, FL 32789
407-839-0866
mmokwa@maherlawfirm.com

**Counsel for The Wild Faery Company**